Wash, J.,
delivered the opinion of the Court.
This was an action of debt, brought by Thomas in the Circuit Court, against Risher, on a single bill obligatory. At the April term of said Circuit Court, 1824, that being the return term of the writ, Risher filed two pleas, the first a special, and the second a general plea of fraud; to both of which, the plaintiff below demurred generally. Risher joined in demurrer, and the cause was continued, without disposing of the demurrers, at that term, and without prejudice. At the succeeding August term of said Circuit Court, Thomas withdrew his demurrer to the general plea of fraud, and filed his replication thereto ; and Risher withdrew his special plea of fraud. The cause was then called for trial, and the defendant objected to going to trial, inasmuch as he had not been notified of the plaintiff’s replication to the general plea of fraud, agreeably to the provisions of the statute: (see section 20, of «An Act .to regulate proceedings at law,” passed January 11th, 1822); which objection was overruled by the Circuit Court, and the defendant forced to trial. Whereupon, there was verdict and judgment for the plaintiff below, (who is defendant in error,) to reverse which judgment, Risher has prosecuted his writ of error into this Court. The sole error assigned, and relied on, is, that the Circuit Court erred in refusing to continue the cause, and in ruling the defendant to a trial of the issue joined, on the plea ¡of fraud, at the August term, 1824. The 20th section of the act above referred to, *530 merely provides, that replications may he filed, either at the return term, or in vacation, provided they are filed within thirty days after the commencement of the return term, and the adverse party, his agent, or attorney, he served with a copy, within fifteen days after filing the same. This section is not the one under which the plaintiff was permitted to withdraw his demurrer, and file his replication. The 23d section of same act, provides, that pleadings may he amended, at any time before a jury is sworn, upon such terms as the Circuit Courts, respectively, shall prescribe. This is the law which must govern, in the present case. And it has been contended, that the Circuit Court has either prescribed no terms, and has left the parties to make up such issues as they deem proper to be tried and disposed of, as if the same had been made up at the return term of the cause; or that the terms prescribed, upon which the plaintiff should be permitted to withdraw his general demurrer, and file his replication to the plea of fraud, was, that the defendant should not claim a continuance, The Court should, and will, at all times, before the jury is sworn, permit the pleadings to be so amended, as to put the merits of the cause at issue. This discretionary power of the Court, however, must be soundly exercised, and to rule the defendant to trial, at a moment when (he plaintiff has been permitted to abandon an issue in law, and indulged in so amending his pleadings, as to put the merits of the cause at issue, cannot, by this Court, be so considered. The practice of the Circuit Court, in ruling parties to trial, in cases like the one under consideration, where causes have been continued, on demurrer, without prejudice, cannot alter the law.
The Circuit Court erred, therefore, in ruling Risher to trial, for which the judgment is reversed, with costs, and the cause remanded for a new trial, conformably to this opinion.