MOORE & PORTER impleaded with REA & HUSTON, v.
M'CULLOCH.

*It is error in the Circuit Court to refuse to grant a continuance when a good cause is shown.*

Appeal from Cooper Circuit Court.

*Hayden, counsel for Appellants.*

1st. That the Circuit Court erred in suppressing the deposition of Samuel Williams taken by defendants on the 18th of February 1840, and filed in this cause. sec. 1. Philip's Ev. 226. 2, Cains Rep. 131, Steinback vs Columbia Insurance Company. 1. Stark 2. part 127–8–9. 2. That the court erred in refusing defendants a continuance of the cause for the want of the evidence of said Williams contained in the deposition.

3rd. That the court erred in refusing defendants leave to read the deposition of Luther Carter and in rejecting the evidence of others offered by defendants to show that the bill of items of work done by complainant and Huston was too high, and that they were not fair, and much higher than customary for similar work.

4th. That the finding of the court was contrary to law, equity and the evidence given in the cause, and that the decree is one sided, and not against all the defendants in the cause; and

5th. That the court erred in overruling the defendants motion for a new trial of the cause, sec. 1. Maddox chancery 405–6–7. Story's Equity 2. vol. 41, 47, 53, 1. Peters digest 184, § 175, 5, Peters R. 276, Cathcourt and al vs Robison, 3, Cowen 504. &c. Seymore vs Delaney, 2 Cowen 139.

*W. Adams, counsel for Appellee.*

1st. That the court did not err in suppressing the deposition of Samuel Williams. see Nowlin v Foster 4. Mo. R. 21.

2nd. That the court did not err in refusing to grant a continuance.

3rd. That Huston was properly received as a witness. see 1. Phil. Ev. 63, in notes (1. Johns Rep. 556–576–7. Beebee and others v. Bank of New York. Trustees of Huntingdon v Nicoll 3, J. R. 566.

4th. There was no foundation laid in defendants answer to open and surcharge the settlement alleged in the amended bill.

5th. That the settlement was conclusive, and could only be opened upon the ground of fraud positively charged and proved, or for errors or mistakes specifically set forth and alledged in the answer. Fonblanques Eq. 32 and 39, in notes. 1st. Mad. Treatise 102–3. Com. on Con. 473. in notes. 2 Marshall 338, 2. Stark. Ev. 18–19. Stoughton v. Lynch, 2. J. Ch. R. 217. Slee v. Bloom, 20. J. R. 689. 1. story Eq. 497. 501. James v. M'Kennon, C. J. R. 559. Lyon v. Talmage, 14. J. R. 516, side page.

6th. That the evidence rejected by the court was irrelevant to the issue.

### Opinion of the Court by Napton, Judge.

M'Cullough filed his amended bill on the chancery side of the Cooper circuit court, at the November term 1838. The substance of the original bill and answer, together with the disposition, by the circuit court, of the issue first made in that court, may be found in the opinion of this court, contained in 5. vol. Mo. Rep. p. 141. By the amended bill, it was represented that James Huston contracted with the defendants Moore and Porter to do the carpenters work on a certain house, and that after making said contract, the complainant McCullough entered into partnership with said Huston in the execution of said work—that the said work was done and its value amounted to $1189: that after the completion of said work complainant and Huston came to a settlement with Moore and Porter, and it was agreed upon by all the parties aforesaid, that one half of the said sum should be paid to said Huston and the other half to complainant; and it was further agreed, that the sum of three hundred and forty dollars, for which said Moore and Porter held the complainants bond, should be applied to the discharge of complainants half, which sum of three hundred and forty dollars was in consideration of a lot sold by Moore and Porter to complainant; and Moore and Porter executed their note to complainant for the balance. The

AUGUST TERM 1840.

Moore & Porter impleaded with Rea and Huston.
v.
McCullough.

bill charges that the difference so found due was paid by Moore and Porter, and that the said Moore and Porter retained in their hands the sum of three hundred and forty dollars, in payment and satisfaction of the said obligation, mentioned in the original bill for the purchase money of the lot. Bill prays for a specific performance and a conveyance of the lot. Huston is made a party, and his answer admits the partnership, confirms the settlement, and the understanding that the complainants' bond was to be paid in the carpenter's work aforesaid. Huston avers that his part of the eleven hundred and eighty-nine dollars was settled and paid by Moore and Porter. Huston disclaims all interest in the event of the suit.

Moore & Porter's answer admits the partnership and the execution of the carpenter's work: admits the exhibition to them of a bill of items amounting to eleven hundred dollars and upwards, but declares that they complained that the items were too high, and avers that they refused to settle; admits that they paid to Huston one half of the bill presented, and that they agreed to pay to McCullough about two hundred and fifty dollars, making the aggregate of eight hundred and fifty-eight dollars, being as much as the respondents supposed the work to be worth. The answer further denies all indebtedness beyond what has been paid, and charges tnat Huston was fully paid for his work, without including the note of $340, which they still hold cn McCullough for the consideration of the lot. They agree that if the work should be found to be worth the full sum charged, they are willing, if any balance is still due, that it shall be applied to the payment of this note, and aver their entire readiness to make a title whenever the purchase money is paid, &c.

After the hearing of the testimony, the court decreed a conveyance.

From the bill of exceptions, it appears that complainants moved to suppress the deposition of one Samuel Williams, on the ground that the deponent read from a written deposition which he held in his hands at the time of his examination before the magistrate, and the questions and answers were an exact copy of the former suppressed deposition. On

the hearing of the motion, the affidavit of complainant was
read, from which it appeared that the witness, Williams,
held in his hands what the affiant understood from witness, Moore & Por-
was a copy of a former deposition of same witness, which ter implead-
ed with Rea
had been suppressed, and he read from the writing he held and Huston.
in his hands, both questions and answers, and as he read, the McCullough.
justice wrote the same down. The affiant objected to that
mode of proceeding, but was overruled by the justice. The
suppressed deposition had been taken in the absence of affi-
ant or any agent of his, and Porter was present at this last
examination. The motion was sustained by the court, and
the deposition suppressed.

Thereupon the defendants applied for a continuance, for
the want of the testimony of said Williams. Porter's affida-
vit was read on the hearing of this motion, which went to
show due diligence on his part, the materiality of the testi-
mony, and his expectation that by the next term the deposi-
tion could be had. The motion was overruled, and excep-
tions duly taken.

Testimony was then submitted for the purpose of proving
a settlement with said Moore & Porter and complainant,
and that it was understood that the amount of said note was
paid for in said settlement. Testimony was also offered by
defendants conducing to show that no such settlement took
place, that Moore & Porter only settled for about eight hun-
dred and fifty-eight dollars, and retained McCullough's note
to abide the result of an admeasurement of the work, and a
settlement of the prices in accordance with the contract.

Defendants also offered to read the deposition of witness-
es, who had measured the work done by complainants and
Huston, on said house of Moore & Porter, for the purpose
of showing that the prices charged in the bill of items pre-
sented were too high, and that in the aggregate, they exceed-
ed the customary prices, from two to five hundred dollars,
and also testimony to prove that the work was not done in
a workmanlike manner, all of which the chancellor refused
to hear. To this refusal, defendants objected and saved their
exceptions.

The first point insisted on as error, is the suppression of

Williams' deposition. It is clear that a witness may resort to a written paper for the purpose of refreshing his memory, but it would be a dangerous practice to allow him to read *in toto* from a previously prepared affidavit. In a case cited at the bar, a deposition was allowed by the chancellor to be read, which was a mere copy of a suppressed deposition; but the court in that case allowed the deposition, because it had been suppressed for a mere informality. In this case the suppressed deposition was a mere copy of another deposition which had been suppressed, because it was taken *ex-parte* without any notice. The court I think did not err on this point.

It is next objected that the court refused to grant a continuance, upon a suitable application. I have examined the affidavit of Porter for a continuance, and he seems to have made out a complete case. If there were any circumstances that induced the court to refuse the continuance, they were perhaps to be found in the fact, that two continuances had been previously made in the same cause, and one of them at the instance of the same party. But I cannot think that even this indulgence should deprive the party of his legal rights, when his affidavit shows the materiality of the testimony desired, and every degree of diligence that could be expected. The court should have given the party an opportunity of getting his testimony.

The third error assigned, is the exclusion by the court below of all testimony offered in relation to the exorbitance of the charges and the quality of the work. To ascertain the propriety of this decision, we must look into the state of the pleadings, and the issue submitted to the chancellor.

The bill averred a settlement, and that the amount of complainant's bond had been considered as paid in that settlement. The answer denies any such settlement, admits a settlement to the amount of eight hundred and sixty-five dollars, but avers that the note was still retained to insure against deficiencies and error in the settlement. The only question on this issue is whether there was in fact a settlement to the amount of eleven hundred and ninety-eight dollars, or whether the settlement only was for eight hundred

and sixty-five dollars.  If the latter, McCullough, was not entitled to a conveyance of his lot, but if there was a settle- ment, as alleged in this bill, whether at exorbitant prices or not, and McCullough's bond was agreed and understood to be embraced in that settlement, the complainant was entitled to his decree.  No averments were made in the defendant's answer to allow him to surcharge and falsify the bill of complainant and Huston.  They are not without remedy, whether a settlement was made or not, but it would be rather inequitable that the whole deficiency, if there should be any proved, should come out of one partner, after paying up the other his half of the original charges.

In relation to the decree on its merits, I think it unnecessary to go into the details of the testimony, as it is clear to my mind that there is no such preponderance against the decree of the chancellor as would justify this court in interfering.

But because the court refused to allow the defendants an opportunity of procuring the testimony of the witness, Williams, I am willing that the judgment be reversed and the cause remanded.

Tompkins Judge—I concur in opinion with Judge Napton that the judgment ought to be reversed for the reason he gives.  I also think there was no good cause why the deposition of Williams should have been suppressed.  There was certainly evidence to prove that a settlement had been made made, and there was also evidence to prove that no settlement had been made to conclude Moore & Porter. The evidence of the value of the work ought then, in my opinion, to have been received.  Moore & Porter were, in my opinion, under no obligation, to see that McCullough received as much from them as Huston; and therefore nothing can, in my opinion, be concluded against them on that account.