## TUNSTALL *vs.* HAMILTON.

1. Where suit was commenced in the St. Louis Court of Common Pleas, prior to the passage of the act of January 16, 1843, concerning courts, providing, that "*after the issues shall have been made up, the suits shall stand continued until the second term,*" (Session acts of 1842-3, p. 58,) and, after the passage of that act, the plaintiff amended his declaration by filing additional counts, it was held, that the defendant was entitled to a continuance, although the 9th section of the act of January 21, 1841, establishing the Court of Common Pleas, (Session acts of 1840-'41, p. 51,) made such cases triable at the first term, where personal notice had been served on the defendant.

2. Where the plaintiff amends his declaration in a matter of substance, the defendant will be entitled to a continuance.— See Risher *vs.* Thomas, 1 Mo. Rep., 529, 2d edit.; Demsey *vs.* Harrison & Glasgow, 4 *Ibid.*, 270.

3. Where a continuance is refused a party who has used due diligence to procure testimony, and has failed, such refusal will be good ground for reversing the judgment.— See McLane *vs.* Harris, 1 Mo. Rep., 561, 2d edit.; Riggs *vs.* Fenton, 3 *Ibid.*, 28; Moore & Porter *vs.* McCullough, 6 *Ibid.*, 444.

*Tunstall* vs. *Hamilton*.

ERROR to the Court of Common Pleas of St. Louis County.

DRAKE *and* RANNELLS, *for Plaintiff in Error*.

The court below erred in refusing the continuance demanded, and in forcing the defendant below to a trial, because the plaintiff below had been allowed, at the term when the case was called for trial, to amend his declaration.

The principle on which it is contended there was error in this proceeding of the court, is settled in the case of Risher *vs.* Thomas, 1 Mo. Rep., 739, and afterwards affirmed in Dempsey *vs.* Harrison & Glasgow, 4 Mo. Rep., 267.

WALKER, *for Defendant in Error*.

1. There was no error in refusing a continuance at the February term.

2. There was error in the decision of the court, sustaining the demurrer to the three special counts in the declaration.

TOMPKINS, *J.*, *delivered the opinion of the Court*.

Robert Hamilton sued Warrick Tunstall, in the Court of Common Pleas of Saint Louis county, at the November term, 1842. The declaration contained three special counts on a note, and the common counts. Judgment was given for Hamilton, to reverse which Tunstall prosecutes this writ of error.

At the November term the defendant, Tunstall, demurred to the three special counts, and pleaded the general issue to the common counts. The demurrer was sustained. At the February term the plaintiff, Hamilton, filed three amended counts, by leave of the court, and to them the defendant pleaded the general issue; and the court gave a judgment for the plaintiff at that term.

The bill of exceptions shows, that, after the plaintiff filed his amended counts at the February term, the defendant, Tunstall, moved for a continuance of the cause, and that the court overruled his motion. Tunstall excepted to the opinion of the court in overruling his motion; a new trial was moved for, and the motion was overruled, and exception to such overruling taken by the defendant.

By the act establishing the Court of Common Pleas of St. Louis county, (see laws of 1840), all causes were to be tried at the return term thereof; but the act of 16th of January, 1843, p. 57 of pamphlet act, provides that issues shall be made up in all suits brought in the Court of Common Pleas, as provided by the act of the 17th of March, 1835, in relation to practice at law (that is, at the return term of the writ); and, after the issues are made up, shall stand continued to the second term.

The amended counts were filed in this case some time after the act of 16th of January, 1843. The suit stood then, after the counts were amended, as a return to that term; or, rather, had a stronger claim to a continuance than a return to that term; for the defendant must have been served with notice of a suit returned to that term fifteen days before the return day of such term; and whatever rules the Court of Common Pleas might have made for itself, under the act of assembly,

as it stood previous to the 16th of January, 1843, after the passage of that act, that court was bound by the general law of the land.

Where a party uses due diligence to procure testimony, and fails, and a continuance is refused him, the court will, for that cause, reverse the judgment, and remand the cause for a new trial. (McLane *vs.* Harris, 1 Mo. Rep., 501, of the newly-printed work, and p. 701 of the old.) To the same purpose see Riggs *vs.* Fenton, p. 28, and Moore & Porter *vs.* McCullough, 6 Mo. Rep., 444. After the issues are made up, the statute now allows a continuance, to enable the parties to prepare themselves with evidence for the trial of the cause. The pleadings in this case were amended, as above observed, after the passage of the act of the 16th of January, 1843, at the February term ; and a doubt might well arise whether, under a strict construction of the law, the defendant would have been obliged to plead before the term next succeeding the February term (at which the amendments were made), but there cannot be the slightest pretext, under the act of the 16th of January, 1843, to force him to trial after the plaintiff had amended his declaration. In the case of Risher *vs.* Thomas, 1 Mo. Rep., 739, and in that of Dempsey *vs.* Harrison & Glasgow, 4 Mo. Rep., 267, this Court decided, where a demurrer was withdrawn at the trial term, and a replication filed, that the defendant was entitled to a continuance, and that a refusal to grant it was erroneous ; and for that reason reversed the judgment of the inferior court. For much better reason, when the declaration is amended, and a new cause of action is, or may be, set up, the continuance ought to be granted.

For the reason that a continuance was refused to the defendant in this cause, the judgment of the Circuit Court is reversed, and the cause remanded.