Judge Ryland
delivered the opinion of the court.
The appellant, Burt McKay, was indicted with one Hugh Gillespie, in the St. Louis criminal court for grand larceny at the July term 1848. To this indictment the defendant, the present appellant, plead “ not guilty,” so did Hugh Gillespie. They also prayed for a separate trial, and filed their petition for a change of venue. The court ordered a separate trial, and changed the venue to the circuit court of Jefferson county, in the ninth judicial circuit of this State.
At the regular term of the circuit court for said county of Jefferson, begun on the fourth Monday, being the 27th day of the month of November, 1848, the following proceedings were had, as appears from the record in this case :
“ Tuesday, November 28, 1848
State of Missouri vs. Burt McKay and Hugh Gillespie.
Indictment for grand larceny.
And now upon the motion of the attorney for the State, this cause is continued to the next term of this court, and upon the motion of the attorney for said defendants, it is ordered by the court, that said defendants, Burt McKay and Hugh Gillespie be remanded to the common jail of St. Louis county, and that the sheriff of Jefferson county, convey the bodies of the said defendants to the said county of St* Louis, and there deliver them to the keeper of said common jail of said county of St. Louis.
Thursday, November 30, 1848,
State vs. Burt McKay and Hugh Gillespie.
Be it remembered, that on Thursday, November 30th, the counsel for the State moved the court to set aside the order for the continuation of this cause, and set the cause for trial, showing to the court that he had notified the defendant’s counsel of this application, and stating that his only witness, had arrived in town, and was now in the last stages of consumption, and would not probably live to the next term ; and further, *494 that Col. Field was yet in town, whereupon Capt. Jno. D. Stephenson, as the friend of Mr. Field, he having left the court, and making preparation to return to St. Louis, presented and read to the court the following affidavit.
State vs. McKay and Gillespie.
This day personally appeared in open court, A. D. Field, who being duly sworn, deposes and says that he is the only counsel employed to defend the above persons, that he is in possession of the facts of their case; that their cases have been continued until the next term, that they were set for trial on Tuesday : he further states that he is employed in several important criminal cases in the St. Louis criminal court, some of them where he is the only counsel, several of them set for trial on to-morrow, which compels him to leave this morning for St. Louis : he further states that for the last two days he has been laboring under severe indisposition, so much so that he is entirely unable by reason of said indisposition to attend to the defence of said McKay and Gillespie, and that for the reasons aforesaid, as well as others, he objects to the setting aside the continuance. A. P. FIELD.
Sworn to and subscribed in open court, Nov. 30th, 1848.
T. H. ALFORD, Clerk.
Whereupon the court set aside the continuance, and made an order-setting the cause for trial, to wit ;
State vs. McKay and Gillespie
And now it is here considered by the court, that the order of continuance and the order of transmission of said defendants to the common jail of St. Louis county made herein, be set aside, and said cause is set for trial on the 18th day of December next, and it is ordered that-said defendants and their counsel be notified thereof.”
From the record it appears that the appellant regularly excepted to-the opinions and decisions of the court in setting aside the order for the' continuance, as well as the making of the order for the trial on the 18th of December. On the 18th of December the court met pursuant to< adjournment, and the court was regularly adjourned until Wednesday,, the 20th day of December, when the following proceedings were had (viz :)
“ State vs. Burt McKay.—Indictment for grand larceny.
And now at this day comes the defendant by James A. Beal, his. attorney appointed by the court, and presents his affidavit for a continuance of the above cause as follows:
Burt McKay being duly sworn, upon his oath says, that he cannot *495 safely proceed to trial in the above suit, for the want of four material witnesses ; that he has used due diligence to procure the attendance of said witnesses, but that they are absent without the consent of the affiant, that he caused subpoenas to be issued for said witnesses in time, and as soon as he could; that said subpoenas have not been returned; the subpoenas were sent to St. Louis county, where the witnesses reside.
This case was continued by the State at last term, and all of this affiant’s witnesses were not present $ and James Cams, a material witness for defendant, has gone out of the State since the cause was continued, and has not returned, and consequently did not know of this adjourned term, and could not be subpoened by defendant. This affiant considers all of aforesaid witnessess material to his defence, without whose testimony he cannot safely proceed to trial, and he knows of no other witnesses by whom he can prove the same facts ; that he has a good defence, and this application for a continuance is not made for delay or vexation,'’ but that justice may be done, and if a continuance be allowed, he will be able to procure the attendance of said witnesses in time for his trial. B. McKAY.
Sworn to and subscribed in open court, Dec. 19th, 1848.
J. H. ALFORD, Clerk.
Which being seen and heard, and it further appearing to the court from personal inspection, that Silsby, the State’s witness, who resides in Illinois, is now in the last stage of consumption, and by every probable calculation will not be alive or able to attend the court at the next term, and the counsel for the State stating that the witness is the only one by whom he can prove the fact of taking the money, the said motion for a continuance was by the court overruled.”
This opinion and decision of the court was duly excepted to. Thereupon a trial was had—the jury found the defendant guilty, and assessed his punishment at five years imprisonment in the penitentiary. Bills of exceptions taken in this case, shew all the evidence given on the trial, and also the defendant’s motion for a new trial, which was overruled by the court. Among others, the following reasons were given in support of the motion for a new trial, and were assigned as causes therefob, viz : “ 3d. Because the court erred in setting aside the order of continuance at the regular term, and setting the suit for trial on the 18th day of December, 1848. 4th. Because the court erred in overruling said defendant’s motion for a continuance made at this adjourned term.”
I have considered it unnecessary to include in this opinion the evidence given, or to notice the instructions asked and given, or refused *496 to be given mi ^either side, as I am clearly of opinion that the case should be reversed for the improper action of tho court in setting aside the order of continuance made at the regular term of said court, and its subsequent refusal to grant the defendant a continuance at the adjourned term. Let us for a moment look at the facts as they appear on the record in this case.
On the .second day of the regular term of the court, the counsel for the State moves the court to continue this case—his motion prevails— the case is continued until the next regular term. An order is made to have the defendant removed to the jail in St. Louis county, and the case, so far as it regards this term, appears at an end. On the fourth day of the term, the counsel for the State moves the court to set aside the order of continuance, and the order remanding the prisoner to St. Louis jail: i.t oppears that he notified the defendant’s counsel of his intended application for the setting aside—the defendant’s counsel objects, but the court sustains the motion, and sets aside the order of continuance, and fixes the trial for an adjourned term to commence on the 18th ds.y of December following, and orders that the defendant and his counsel be notified thereof. From the record it is a fair presumption that the defendant knew nothing of this order at the time, that his witnesses had dispersed, left the court when the case was continued on the 2nd day of the term. Such a proceedure is too dangerous to the life and liberty of the citizen, and though it may sometimes happen without any injury to the defendant, yet as a practice it should not be tolerated.
On the 18th of December following the court met pursuant to adjournment, and on the 20th the defendant makes his motion for a continuance, and files his affidavit, which is set forth in this opinion. The affidavit, although not made with as much technical precision as it ought to have been, yet contains good and sufficient grounds to support the motion for the continuance. The absence of witnesses who had been present at the last continuance, material for the defence, one of whom had gone out of the State, and could not be subpoenaed in time for the adjourned term, and who knew nothing of the adjourned term in all probability. Indeed, from the record it is fairly tobe presumed that the circuit court considered the affidavit sufficient to support the motion and to warrant the continuance ; but it looked beyond the affidavit, for causes to support its action, and accordingly I find that from icpersonal inspection it appears to the.court that Silsby, the State’s witness, who resides in Illinois, is now in the last stage of consumption, *497 and by every probable calculation will not be alive or able to attend tbe court at the next term, and the counsel for the State stating that the witness is the only one by whom he can prove the fact of taking the money, the said motion for a continuance is overrulled, ” to be placed on the record as the reason for overruling the motion for the continuance. Here the probability of the death or inability of the State’s witness to attend the next term, and his being an only witness to an important fact, is given as the reason for forcing the defendant into trial, in the absence of his material witnesses. I consider this an unsound exercise of judicial discretion. In a case involving the life or liberty of the citizen, too much consideration is very seldom found—“ andi nulla unqua m de morte hominis cunctaíeo longa est.”—and with us his liberty is placed nearest in importance to his life.
The refusal to grant a continuance to a party showing good and sufficient cause for it,, has uniformly been considered by the court as a sufficient ground for reversal, See McLane vs. Harris, 1 vol. Missouri Reports page 700 (old edition;) Riggs vs. Fenton, 3 Mo. Rep, 28; Moore & Porter vs. McCullough, 6 Mo. Rep. 444; Tunstall vs. Hamilton, 8 Mo. Rep. 500; Dane vs. Broadwater, 9 Mo. Rep. 19.
I consider that the circuit court erred in setting aside the order of continuance, and erred in refusing to continue the case at the adjourned term, on the defendant’s motion and affidavit, and for these errors should be reversed. I have- taken no notice of the evidence or instructions in this opinion, but as the case may have again to be tried, I will remark, that the law does not consider the negro slave capable of being the owner of property. The money, therefore, of the slave is the money of the master, and there is no error in the instructions of the court on this point.
My b rother judges concurring in this opinion, the judgment of the circuit court is reversed, and the cause remanded.