Barnum v. Adams.

below by demurrer or motion in arrest of judgment. (Burns v. Patrick, 27 Mo. 434; Perrine v. Cole, 28 Mo. 486; West v. Miles, 9 Mo. 168.)

II. The statute, R. C. 1300, § 33, relates only to such "proceedings" as require objections, exceptions, motions, and bills of exceptions, for the purpose of calling the attention of the court to the matter, that it may be put on the record. (Thomas v. Erskine, 7 Mo. 215; Long v. Story, 13 Mo. 4; Ploerschs v. Bank of Mo. 10 Mo. 517; Gordon v. Gordon, 13 Mo. 215; 20 Mo. 453; Sickles v. Abbott, 21 Mo. 443; State v. Shehane, 25 Mo. 566; Cornelius v. Grant, 8 Mo. 59.)

—————

THERON BARNUM et al., Respondents, v. WASHINGTON F. ADAMS, Appellant.

1. An affidavit for the continuance of a cause on account of the absence of a witness, which stated that the subpœna was issued on the 5th May, and was returned "served," the cause being set for the 19th May, and that an attachment was taken at the calling of the cause on the 23d May, which had not been executed on the 26th, at the recalling of the case, showed due diligence, and it was error to overrule the motion based thereupon.

*Appeal from St. Louis Circuit Court.*

This cause was set for trial on May 19th, 1859, and was called for trial on 23d May, at which time defendant prayed for an attachment against an absent witness who had been duly served with a subpœna, issued May 5, 1859. The attachment was granted, but the witness at the calling of the

Barnum v. Adams.

cause again on the 26th May was returned "not found;" when the defendant made application for a continuance based upon the following affidavit:

"Washington F. Adams, being duly sworn, says that he is the defendant in this action, that he is not prepared for trial, and moves for a continuance of the cause grounded on the absence of testimony; that the name of the absent witness is George W. Putnam—that his occupation is that of a manufacturer of castor oil and lard oil and a dealer in real estate, and his residence is in the city of St. Louis and said county of St. Louis—whose testimony is wanted; that his (said Putnam's testimony) is material in the cause; that no other witness is in attendance, or known to him, whose testimony could have been procured in time, upon which the party (this affiant) can safely rely to prove the particular facts the absent witness is expected to prove; that the applicant (this affiant) believes he can not safely go to trial without the testimony of the absent witness; that he is not absent by the consent, connivance or procurement of the party applicant (this affiant); that on or about the 5th day of May inst., 1859, this affiant caused a subpœna to be issued out of and under the seal of this court, to be served on the said George W. Putnam, and the same is duly returned executed on that day; that, on the 23d day of May, inst., said witness was called, but failed to appear in answer to said subpœna, and deponent caused an attachment to be issued for said witness, which has been returned by the sheriff, that said witness can not be found, and that said cause is a return case, &c. Sworn to this 23d May," &c.

The application was overruled. On the 26th May trial was had, and verdict and judgment rendered for the plaintiffs.

The defendant filed his motion for a new trial for the reasons that the continuance was refused, and that the jury were not sworn in the cause.

The court set aside the verdict because the jury had not been sworn, and ordered the cause to be again set for the 31st May, and, the case being called on June 1st, the de-

fendant again applied for a continuance, upon affidavit, which was overruled and verdict and judgment entered for the plaintiffs.

Defendant filed his motion for a new trial, which was overruled.

*C. D. Colman*, for appellant.

I. The court erred in refusing to continue the cause on the affidavit of defendant—1st, the affidavit was in accordance with the rule of court, and the statutes of 1855, p. 1260, § 17; 2d, the affidavit showed due diligence in attempting to procure the presence of the witness.

II. The court erred in ordering the cause to set for trial a second time at the same term of court. The statute, R. C. 1855, p. 1289, § 20, requires the clerk to set the docket.

*Lackland, Cline & Jamison*, for respondents.

I. There was no cause shown for a continuance. The attachment was issued May 23, and the affidavits made the same day, while the application was made May 26. (8 Mo. 606, 334; 18 Mo. 477, 47, 455; 21 Mo. 423; 1 Mo. 780; 3 Mo. 123; 30 Mo. 235.) An affidavit for a continuance for an absent witness made on a prior day is insufficient. (Parker v. McKelvains, 17 Texas, 157; Lewis v. Williams, 15 Texas, 47.) Affidavits for a continuance are strictly construed against the applicants. (Brady v. Malone, 4 Iowa 146; 3 Mon. 293; 2 Littell, 233.)

BAY, Judge, delivered the opinion of the court.

The only question presented by the record in this case, relates to the overruling of the first application of the defendant for a continuance. If error was committed in this, it is not cured by the subsequent proceedings in the cause. The motion for a continuance is supported by the affidavit of the defendant, which, in our opinion, is in strict conformance, not only with the statute, but with the rule of the

court regulating applications for continuances. If the motion, as in this case, is predicated upon the absence of a material witness, the rule requires that the affidavit shall state the endeavors and means that have been used for the purpose of procuring such testimony; and it is contended, by the respondent, that the affidavit does not show that the affiant used such diligence, in procuring the attendance of the absent witness, as would entitle him to a continuance under the statute and rule of the court; we think differently.

The cause was docketed for the 19th of May. On the 5th of May a subpœna was issued for the witness, and duly served upon him. On the 23d, the witness not having appeared in obedience to the subpœna, the defendant took out an attachment for him; which was immediately placed in the hands of the sheriff, and made returnable forthwith. On the 26th the cause was called for trial, and the witness being still absent, and the sheriff having failed to execute the writ, by bringing the body of the witness before the court, the defendant applied for a continuance, supported by affidavit, as aforesaid. We are of the opinion that the facts show sufficient diligence on the part of the defendant to have entitled him to a continuance.

Judgment reversed and cause remanded; the other judges concurring.