WILLIAM J. ALT, Appellant, v. JOHN C. GROSCLOSE, Respondent.

St. Louis Court of Appeals, March 12, 1895.

1. **Refusal of Trial Court to Continue Cause:** REVIEW OF RULING ON APPEAL. An application for the continuance of a cause addresses itself to the discretion of the trial court; but such discretion is judicial and subject to review on appeal.

2. **Principal and Agent:** EFFECT OF ACTS OF AGENT AS EVIDENCE OF HIS AUTHORITY. The scope of an agent's authority can not be shown by his own acts, when these have never come to the knowledge of the principal.

3. ———: SALE OF GROWING TIMBER: STATUTE OF FRAUDS. Growing timber is real property, and can only be disposed of by instruments effectual to convey an interest in such property.

4. **Trespass to Lands:** TREBLE DAMAGES: UNINTENTIONAL WRONG. A person who purchases growing timber from an agent of the owner of the land on which it stands, and thereon enters and cuts the timber in the belief that it belongs to him, will be liable in single damages for

the trespass, if such agent did not act within the scope of his authority; but the trespasser, in such case, is not chargeable with treble damages under the statute for the unintentional wrong.

*Appeal from the Cape Girardeau Court of Common Pleas.*
HON. ALEXANDER ROSS, Judge.

REVERSED AND REMANDED.

*J. W. Limbaugh* for appellant.

*W. H. Miller* for respondent.

ROMBAUER, P. J.—This is an action for the recovery of treble damages for trespasses committed in cutting timber on the plaintiff's lands. The answer is a general denial, and states, as an affirmative defense, that the defendant purchased the timber from plaintiff through one Bean, who, at the time, was plaintiff's agent. The answer also sets up the statute of limitation of three years, but that defense was abandoned at the trial. The cause was tried by jury, who found for the defendant. The plaintiff appeals, and assigns the following errors: The overruling of his application for a continuance; the admission of illegal evidence; the giving of erroneous instructions.

It is conceded by all the evidence that the plaintiff, who is a resident of London, England, was, at the date of the alleged trespasses, the owner of the land whereon the timber was cut. It is also conceded by all the evidence that Bean was his agent at the date of the alleged purchase by the defendant. The only controversy at the trial was touching the extent of Bean's authority as agent, and touching the value of the timber cut. The plaintiff contended that Bean had only authority to negotiate a sale subject to his approval, while the defendant contended that Bean's authority extended to a sale of the timber without such approval.

The suit was brought to the May term, 1893, but the defendant's answer was not filed until the twenty-sixth day of September, following. On the next day thereafter the plaintiff's counsel filed an application, duly verified, for a continuance, stating that he was taken by surprise by the claim made in the answer touching Bean's authority. The application stated that the plaintiff could prove both by himself and one Sharp, both absent in England, that Bean's authority did not extend beyond making contracts subject to plaintiff's approval, but that plaintiff could not prove such facts by any other witness, and that the testimony could not possibly be produced at the then term of court, but would be produced at the term next succeeding. The affidavit was otherwise formally sufficient under the statute. The court overruled this application, and forced the plaintiff to proceed with the trial at once. To this ruling the plaintiff excepted and still excepts.

The defendant contends that there was no error in this ruling, because the granting of continuances rests in the sound discretion of the court, and it appeared in this case that prior suits had been instituted for the same trespasses. The difficulty with that argument is that it nowhere appears that the defense now relied on was ever interposed in a former suit. Courts unquestionably have a discretion in granting or denying continuances, but such discretion is judicial and subject to review. *Tunstall v. Hamilton*, 8 Mo. 500; *Barnum v. Adams*, 31 Mo. 532; *State v. Lewis*, 74 Mo. 222; *State v. Anderson*, 96 Mo. 241. In *Bartholow v. Campbell*, 56 Mo. 117, cited by respondent, the affidavit failed to show that the same facts could not be proved by other witnesses, and failed to show due diligence. In *Leabo v. Goode*, 67 Mo. 126, likewise cited, the affidavit also failed to show due diligence. In the case

at bar the plaintiff was anxious to proceed to trial as soon as practicable. The affidavit showed good cause for the absence of the witnesses, since it could' not be known that their presence would be required until the defendant's answer was filed, and no valid reason appears why the continuance should not have been granted. We must hold that the court abused its discretion by denying a continuance, and, as the testimony which the plaintiff lost thereby was not only material but controlling, we must further hold that such abuse was prejudicial error necessitating a reversal of the judgment.

As above seen, the controversy at the trial was not touching Bean's agency, but touching the extent of his authority. The court, against the plaintiff's objection, permitted a number of witnesses to state that Bean was the recognized agent of the plaintiff in that community, and that Bean had made other sales of timber for the plaintiff in that neighborhood, without showing that the plaintiff had ratified such other sales, or even that he knew of them. All this was error. The scope of an agent's authority can not be shown by his unauthorized declarations or unauthorized acts. *Farrar v. Kramer*, 5 Mo. App. 167; *Williams v. Edwards*, 94 Mo. 447. The rule of holding out only applies when the principal has knowledge of what the agent does; but here the principal was beyond seas all the time, and there is no pretense that he was advised of his agent's acts, except by correspondence. The plaintiff's letters to Bean were offered in evidence by the defendant, and fail to show that Bean had authority to sell the plaintiff's land or timber without approval of the latter. Growing timber, in this state, is real estate and can be disposed of only by instruments effectual to convey an interest in real estate. *Deland v. Vanstone*, 26 Mo. App. 297.

The court also erred in giving the first two instructions asked by the defendant, because the question was not one touching the agency of Bean, but one touching the extent of his authority as agent. The third instruction given upon defendant's request was erroneous in any view of the case. That instruction is as follows:

"The court instructs you that, before you can find defendant guilty of the trespass complained of, you must believe, and find, from the evidence, that he entered upon said land knowing he had no title, right or interest, in the timber growing thereon, and cut and removed the same; and if from the evidence you find that, in cutting said timber, he was acting under the honest belief that he had bought it, and that it was his and paid for, then your verdict must be for defendant."

If the facts stated in that instruction were true, the defendant would be relieved from treble damages, but he would still be liable for single damages. *Austin v. Mining Company*, 72 Mo. 535.

We will say in conclusion, with a view of facilitating the amicable adjustment of this controversy, that the evidence presented at the trial does not indicate that plaintiff has a cause of action *for treble damages*.

All the judges concurring, the judgment is reversed and the cause remanded.