## GEORGE W. CAMPBELL et al., Appellants, v. J. C. McCASKILL et al., Respondents.

### St. Louis Court of Appeals, March 4, 1901.

1. **Practice, Trial:** APPLICATION FOR CONTINUANCE: DILIGENCE: DEFECTIVE CERTIFICATE OF RECORD. In the case at bar, the application for continuance disclosed the necessary use of the original mortgage in a pending litigation in another State, and showed that the copy sent to the plaintiffs from the place of its record in that State was defectively certified by the custodian of the records. The relevancy and materiality of the evidence is apparent, and the fact that the copy of the mortgage was received in time to be used on the trial showed that the plaintiffs were diligent in endeavoring to secure it as evidence.

2. ———: ———: ———. And the refusal of the continuance, being without excuse, was an unwise exercise of judicial discretion vested in the trial court, which worked an injustice to plaintiffs.

3. **Evidence:** IMPEACHMENT OF WITNESS BY PARTY CALLING HIM TO TESTIFY. The rule that a party can not impeach the credibility of his witness, does not forbid the contradiction of particular facts testified to by such witness, nor the proving by other competent evidence that he was mistaken in his testimony.

Campbell v. McCaskill.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans.*
*Judge.*

REVERSED AND REMANDED.

STATEMENT OF THE CASE BY THE COURT.

This is a replevin for sixty head of cattle branded with a circle "O" on the right hip. There were three defendants, Randall, McCaskill and Derrick, whose separate answers averred that Randall purchased the cattle from the former owner, McCaskill, under a bill of sale to secure a note for $462.50, dated October 25, 1898, due fifteen days thereafter; that subject to the bill of sale, McCaskill was the owner of the cattle and that Derrick has no interest whatever in them, but was in possession merely as the custodian of Randall.

The reply denied the averments of the answer, except as to the possession of the cattle. On the trial—ten months after the institution of the suit—plaintiffs moved a continuance upon affidavits showing that their title was evidenced by a mortgage conveying the property made by C. M. Mitchell of Wright county, Missouri, on the eleventh day of May, 1898, the original of which was on file in a suit in Arkansas, and that a copy received by them from the recorder's office of the county in that State where the original was put on record, was insufficiently authenticated and only came to hand the day before the trial, although applied for in due time. This motion was overruled and the plaintiffs preserved their exceptions. Under the peremptory instructions of the court, a verdict was rendered generally for all defendants in the sum of $827, and from a judgment thereon the plaintiffs appealed.

*Ellison & Turpin* for appellants.

The court below should have granted plaintiffs a continuance. The plaintiffs based their claim to the cattle upon a chattel mortgage executed to them by C. M. Mitchell. The original mortgage was not within the plaintiffs' control and could not be produced. Plaintiffs had applied to the recorder of Prairie county for an authentic copy and when the plaintiffs' counsel received the copy at Eminence the day before the trial he discovered that it was not authenticated as required by the United States statutes and was not properly attested under section 4844, Revised Statutes of Missouri 1889, because the recorder had failed to attach his seal. Without this evidence plaintiffs could not sustain their case. The application was in proper form and contained all the necessary averments. Plaintiffs were entitled to a continuance under the provisions of sections 685 and 687, Revised Statutes of Missouri 1899, which were then in force.

*James Orchard* and *W. J. Orr* for respondents.

Appellants' first contention is that the trial court abused its discretion in refusing to grant a continuance in this cause on the day it was called for trial. In this connection we call the court's attention to the record, which shows that this suit was commenced in the Shannon Circuit Court on the eighteenth day of November, 1898, and was not tried until the fourteenth day of September, 1899, ten months thereafter. During all this time appellants knew that their right to recover, if they had any, was based on this chattel mortgage. And while the application for a continuance states that they applied to the recorder "in due time" for the copy to be used in evidence, it does not appear what they considered "due time." It further appears that the copy offered in evidence did not reach appellant's counsel until the thirteenth day of September, the day before the trial. Evidently no effort was made to procure this

evidence within what the law would regard "due time." So we contend that the trial court did not abuse its discretion in holding that the appellants had shown no diligence in trying to secure what they claim was their principal evidence and which was known to them when they brought the suit.

BOND, J.—The first question presented is, did the trial court unjudicially exercise its discretion in refusing the continuance applied for by the appellants? For, unless this was done, the error assigned in that respect is untenable. State v. Dewitt, 152 Mo. loc. cit. 85; State v. Maddox, 117 Mo. 667; Alt v. Groseclose, 61 Mo. App. 409. The ground of the application was the insufficient authentication of a copy of the muniment of title relied upon by the plaintiffs to establish their ownership to the property in dispute. The application disclosed the necessary use of the original mortgage in a pending litigation in another State and showed that the copy sent to the plaintiffs from the place of its record in that State was defectively certified by the custodian of the records. The relevancy and materiality of this evidence is apparent. Unless, therefore, there was some lack of diligence in its obtention or unless other facts in the record show that the plaintiffs were not prejudiced by its absence, they were entitled to the continuance prayed. R. S. 1899, secs. 685, 687. The fact that the copy of the mortgage was received in time to be used on the trial showed that the plaintiffs were not slothful in endeavoring to secure it as evidence, for they had a right to presume that the keeper of the records would authenticate the copy requested, as he was required to do by law, and they were not compelled to ask for this copy long in advance of its expected use, upon the assumption that it would be sent without the seal and other attestations prescribed by law and would, therefore, have to be returned for correction and amendment. Such prevision is not required in order to discharge the duty of diligence in pro-

curing copies of records for use in evidence. There is no showing of want of diligence in the conduct of the plaintiffs relating to the procurement of a copy of the mortgage to them for use on the trial of this cause.

II. The next question is, whether the entire record discloses that plaintiffs were not prejudiced by the absence of the documentary evidence of their ownership of the cattle? The mortgage describes the cattle—giving their brands—conveyed to the plaintiffs. Those replevied in this case bore the same brands and answered the description contained in the mortgage, and were at one time the property of the mortgagor. It is true, one of the defendants, when called as a witness by the plaintiffs, in his cross-examination stated that the mortgagor had parted with the particular cattle in controversy before executing the conveyance to the plaintiffs, but plaintiffs can not be concluded by this statement of their witness, for they had a perfect right to contradict it by other testimony or by the terms of the mortgage itself. The rule that a party can not impeach the credibility of his witness does not forbid the contradiction of particular facts testified to by such witness, nor the proving by other competent evidence that he was mistaken in his testimony. If this were not so, a party would be at the mercy of his witness, and if compelled, in the exigencies of a trial (as in this case), to call the opposite party to testify, would be absolutely bound by any facts stated by such witness in the course of his examination whether they pertained to the matter he was called for, or were elicited in the course of a cross-examination on behalf of a witness as an opposing party. The law does not tolerate such unfairness. All it secures to a witness from the party introducing him, is freedom from attack for unveracity and bad character. Greenleaf on Evidence (16 Ed.), secs. 442, 443b. The latter section is, to-wit: "It is exceedingly clear that the party calling a witness is not precluded from proving the truth

of any particular fact by any other competent testimony in direct contradistinction to what such witness may have testified; and this not only where it appears that the witness was innocently mistaken, but even where the evidence may collaterally have the effect of showing that he was generally unworthy of belief." The decisions in this State accord with the above view. Imhoff & Co. v. McArthur, 146 Mo. loc. cit. 377; Grocer Co. v. Frick, 73 Mo. App. loc. cit. 133. We, therefore, hold that the error of the trial court in refusing the continuance was not rendered harmless by the testimony of one of the defendants (although called as a witness for the plaintiffs), which tended to disprove the recitals of the mortgage, the copy of which, possessed by the plaintiffs, was excluded by the court when offered in evidence, for want of due authentication.

The refusal of the continuance, being without excuse, was an unwise exercise of the judicial discretion vested in the trial court, which worked an injustice on the plaintiffs, and, therefore, necessitates a reversal of the judgment in this case.

III. On a new trial, the learned trial judge will doubtless frame instructions with reference to the special interests of such of the defendants as claim any title to the property, according to the rule governing actions like the present. Actions of replevin warrant the ascertainment by verdict, and an accordant judgment, of the particular interests of the parties having diverse rights and claims to the property in dispute.

The judgment here is reversed and the cause remanded. Judge *Bland* concurs; Judge *Goode,* having been of counsel in related matters, does not sit or participate in the decision.