WILLIAM S. SEARLS, Appellant, v. FRANCIS S. MUNSON, Appellee.

APPEAL FROM LAKE.

The act in relation to changes of venue, applies to parties and causes in the Lake County Court.

An application for a continuance of a cause in that Court, should be granted, as it would be in the Circuit Court.

The attendance of a witness, upon the request of a party, is evidence of diligence on his part.

THIS was an action of assumpsit, brought by the appellee against the appellant in the Lake County Court, said County Court having jurisdiction of the subject matter, by virtue of an act of the General Assembly of this State, entitled "An act to extend the jurisdiction of the County Court of Lake County," approved February 12th, 1853. Declaration upon a promissory note given by appellant to appellee, and the common counts.

Pleas, general issue, set-off, payment, and failure of consideration.

At the January term of said County Court for the year 1854, the appellant (defendant below) entered his motion in said court for a continuance of said cause until the next ensuing term, and, in support of that motion, filed the following affidavit :

" William S. Searls, of said county, being duly sworn, doth depose and say, that he is the defendant in the above entitled cause ; that he cannot now safely proceed to the trial of said cause on account of the absence from said county of one Jeremiah Thorn, who is a material witness for said defendant upon the trial of said cause, and who resides in the State of Wisconsin ; that the said witness left Waukegan last night, for his home in Wisconsin, where he was called without any notice sufficient to enable this deponent to take his deposition, on account of sickness in his family ; and that this deponent expects and verily believes he shall be able to prove by said witness, that this deponent paid to said Francis F. Munson the sum of two hundred dollars, to apply upon the note sued upon in this case, and that said Munson then agreed to indorse it upon the note sued upon in this case, which said Munson has not done. And this deponent further says, that said two hundred dollars form a good and valid set-off to said plaintiff's cause of action ; was paid previous to the commencement of this suit ; and that he does not now know of any other person by whom this deponent can prove the same facts. And further, that this deponent was ready for trial of said cause yesterday, at which time said witness could be had,

but that he is not now, for the reason that said witness has gone out of the State and out of the reach of this deponent. And further, that said witness was yesterday in attendance on this court, at the request of this deponent, as a witness in this cause, and that this deponent did not know that said witness was going away until he had started on his way, and when it was too late for this deponent to get a subpœna for said witness; and that said witness was sent for on account of the sickness of his family; and that this deponent verily believes that he can produce said witness at the next term of this court, as a witness herein; and that said sum of $200 is over and above any and all sums indorsed upon said note; and that this application is not made for delay, but that justice be done; and that this deponent has used due diligence and every manner to be ready for a trial of this cause at this term of said court, and the not being ready is not his fault."

Which said motion for continuance was overruled by the court. To which the appellant excepted.

Whereupon the appellant moved the court for a change of the venue of said cause, founding said motion upon the following petition verified by affidavit:

"To Hon. John L. Turner, Presiding Judge of the Lake County Court, in and for the county of Lake, in the State of Illinois:

"Your petitioner, William S. Searls, the defendant in the above entitled case, respectfully sheweth unto your Honor, that he entertains serious and well grounded fears that he cannot receive a fair and impartial trial of said cause in said County Court, on account of the prejudice that your petitioner believes exists in the mind of the presiding judge of said court, who is now on the bench; and that your petitioner believes those prejudices so great against your petitioner, that he would be unsafe in submitting to a trial of said cause before said judge, to wit, said John L. Turner. And your petitioner further sheweth and states, that the cause above stated for a change of venue of said cause has arisen since the last term of said court, the said presiding judge, to wit, the said John L. Turner, having commenced his official term as judge of said court since that time, and said cause not existing as to the former judge of said court, to wit, William A. Boardman. Your petitioner, therefore, prays that change of the venue of said cause may be granted to some county where the cause aforesaid does not exist.

"And for a further cause for a change of venue in said cause, your petitioner further sheweth unto your Honor that, as he verily believes, the adverse party, to wit, Francis F. Munson, has an undue influence over the minds of the inhabitants of the county of Lake, wherein the above entitled cause is pending, so

that this, your petitioner, cannot receive a fair and impartial trial in said county and in said court; and that your petitioner was not aware of said influence of said Munson until since the last term of said County Court; and that this is the first term of said court since your petitioner learned said fact; and that this is the first term of said court at which this, your petitioner, could have applied for a change of venue since he learned the fact of the influence of said Munson, and since said cause was commenced. Your petitioner, therefore, prays that a change of venue may be awarded in said cause to some county where said cause does not exist."

Which said motion for change of venue was overruled by the court, and excepted to by the appellant. The case was then tried at said term (on the 26th of January, 1854,) by a jury, and a verdict upon all the issues found for the plaintiff, (the appellee,) and the plaintiff's damages assessed at the sum of $137.77. Whereupon the appellant entered his motion for a new trial, and assigned the following reasons for said motion :

1st. The court erred in refusing to grant a continuance in said cause on the affidavit of the defendant.

2nd. The court erred in refusing to grant a change of venue on the petition of defendant.

3rd. The verdict of the jury is contrary to law.

4th. Said verdict is contrary to evidence.

Which said motion was overruled, and judgment rendered in accordance with the verdict, to which appellant excepted, and prayed an appeal to the Circuit Court of said county.

The said cause was taken by said appeal to the Circuit Court of said county, and heard at the October term, 1855, upon the following assignment of errors :

1st. The County Court erred in not granting a continuance in said cause.

2nd. The County Court erred in not granting a change of venue in said cause.

And upon said hearing said Circuit Court affirmed the judgment of the court below. To which appellant excepts and appeals to this court.

This cause was heard in the Circuit Court for Lake county, by MANIERRE, Judge, at October term, 1855.

H. W. BLODGETT, for Appellant.

H. SMITH, for Appellee.

SCATES, C. J. The jurisdiction of Lake County Court is made concurrent with the Circuit Court, except in ejectment, &c.

Acts 1853, p. 263, Sec. 1. By section 2 process shall be issued and executed in the same manner, and the "rules, proceedings and practice," shall conform as near as may be to like rules, &c., in the Circuit Court. An appeal or writ of error lies to the Circuit Court, (Sec. 3,) with many other like provisions conferring the power and jurisdiction of Superior Courts.

Under these provisions, I cannot doubt of the applicability of the act in relation to changes of venue, to parties and causes in this court, and on the same grounds as in the Circuit Court. The petition brings the party within the provision of the statute. There is no apparent reason for a refusal of the change.

The application for a continuance is also full and sufficient, and the cause should have been continued upon it at the plaintiff's request.

It is true, parties neglecting to subpœna witnesses, do so at their risk of non-attendance. But when witnesses actually attend upon request, the party's diligence is as complete as if they attended upon subpœna. They may, or may not, be liable to attachment for not remaining; but no court would attach a witness leaving upon sudden sickness in his family, as is shown here; and so the party's sudden and complete surprise is shown by the departure. The name and residence of witness are given sufficiently, and the facts expected to be shown by him are material and important under the issues. The affidavit was sufficient in every material part, and the cause should have been continued. For this is one of the practices of the Circuit Court, to which the County Court must conform, in the exercise of the enlarged jurisdiction, when proper grounds are presented for it.

Judgment reversed and cause remanded.

*Judgment reversed.*