BINNS *v.* THE STATE.

CRIMINAL LAW.—*Continuance.*—An affidavit for a continuance in a criminal action, which stated that certain witnesses, whose names and residences were given, and upon whom, it was stated, process had been served, would prove the absence of the defendant from the place where the State would attempt to prove the commission of the crime, at the alleged time of its perpetration, and which contained an averment that the facts were true, and could not be so readily established by other evidence, and that the absence of the witnesses was not of his procurement, entitled the defendant to a continuance.

APPEAL from the Howard Circuit Court.

PETTIT, J.—This was an indictment for murder in the first degree. The appellant was tried, convicted, and sentenced to the penitentiary for life, where he is now confined.

There is only one question in this case that need be noticed or ruled upon, and it grows out of the refusal of the court to grant a continuance of the cause on the following affidavit:

"Comes into open court, this 19th day of June, 1870, the defendant in the above entitled cause, and upon oath swears that he has a good defence to the indictment against him in the above entitled action; that he cannot safely go into the trial of said cause at the present term of this court, on account of the absence of Katy Binson, Sarah Binson, John Scibolt, and Almon Lyon, competent and material witnesses for him upon the trial of said cause; that all of said witnesses reside in Cass county, Indiana; that Katy Binson and Sarah Binson have been subpœnaed by copy, as appears by the return of the officer; that the subpœnas for the other two witnesses have been returned by the officers not found; that affiant is informed and believes the State will attempt to prove that the defendant committed the alleged homicide in the town of Russiaville, Howard county, Indiana, between eight and ten o'clock the night of the 31st day of January, 1870, as charged in the indictment; and defendant says he expects to prove by Katy Binson and Sarah Binson, two of the above witnesses, that the defendant was in the city of Kokomo (which is fourteen miles from said town of Russiaville) on the 31st day of January, 1870, from three o'clock, A. M., of said day until two o'clock, A. M., of the next day, the 1st day of February, 1870, and that said witnesses were with the defendant constantly all the time; and that this defendant was not at Russiaville on said 31st day of January, 1870, and did not commit said alleged homicide, and could not have left their presence at Kokomo and gone fourteen miles to the town of Russiaville, and commit said homicide, as charged, without their knowledge of his absence from them; which facts this affiant says are true.  He expects to prove by the said John Scibolt and Almon Lyons, that up to the commencement of this prosecution the defendant bore and maintained a good character for honesty, morality,

and civility; that all of said facts he expects to prove by said witnesses are true. Affiant further states that the absence of said witnesses has not been procured by the act or connivance of the defendant, nor by others at his request, nor with his knowledge or consent; that the facts that he expects to prove by said witnesses he cannot prove by any other witnesses whose testimony can be as readily procured; that he confidently expects to be able to procure the testimony of said witnesses by the next term of this court, if the court will grant him a continuance of his cause until that time; that this affidavit he makes, not for the purpose of delay, but for the furtherance of justice."

This affidavit meets and covers every requirement of our statute and the decisions of this court (3 Ind. Stat. 376, section 322), yet the court overruled the motion. No officer of the State has condescended to furnish us with a brief, or any suggestion as to the correctness of this ruling. The appellant was entitled to a continuance, and it was error to refuse it.

The judgment is reversed; and the clerk is directed to issue the proper order to the warden of the northern state prison for the return of the appellant to the jailer of Howard county.

*J. W. Robinson*, *N. P. Richmond*, and *C. E. Hendry*, for appellant.

*J. F. Elliott* and *B. W. Hanna*, Attorney General, for the State.