## PEOPLE v. LEE.

### No. 20,098; November 25, 1885.

8 Pac. 685.

**Criminal Trial—Continuance for Absence of Witnesses.**—It is error, in a criminal trial, to refuse the defendant a continuance, asked for on the ground of absence of witnesses from the county, where, from the uncontradicted affidavit of the defendant, it appears that such witnesses were regularly subpoenaed; that the facts which defendant expected to prove by them, and which are stated in the affidavit, are material to the defense; that he could not prove the same facts by any other witnesses; and that he expected to be able to procure their attendance, if the trial was postponed.[1]

**Criminal Trial—Self-defense.**—To Establish Plea of Self-defense, and entitle defendant to acquittal, it is not necessary that the fact of danger to life and limb should be shown by the evidence beyond a reasonable doubt, and to charge the jury that such proof is necessary is error.

**Criminal Trial—Evidence of Character of Defendant.**—In a criminal case the jury must take evidence of character into consideration for the purpose of determining whether it creates a reasonable doubt of guilt, and the consideration of such evidence by the jury is not confined to cases where the guilt of the accused is doubtful.

APPEAL from Superior Court, County of Mono.

W. O. Parker, W. H. Viaden and Paul W. Bennett for appellant; Attorney General for respondent.

---

[1] Cited with approval in State v. Rooke, 10 Idaho, 399, 79 Pac. 85, but held to have no force as authority for granting a continuance where the party applying can give no assurance that the absent witness can be produced at a future day.

MORRISON, C. J.—The defendant was convicted in the superior court of the county of Mono on an information charging him with an assault with intent to commit murder, and from the judgment of conviction, as well as from the order denying his motion for a new trial, he appeals to this court. It will not be necessary for us to examine all the alleged errors imputed to the court below, particularly those in connection with seventy instructions in the case, as the judgment will have to be reversed upon the first point made on the appeal. When the case was called for trial in the court below defendant interposed a motion for a continuance, which was denied. The basis of the application was the nonappearance of two witnesses in behalf of the defense. These witnesses, named Hayes and Hill, were absent from the county of Mono, and were, respectively, in the counties of Mariposa and Calaveras. The defendant, in order to have them subpoenaed according to the statute in such cases provided, made the affidavit and procured the order named in section 1330 of the Penal Code, and in pursuance thereof the witnesses were duly and regularly subpoenaed in the counties where found. Notwithstanding this fact they failed to appear at the trial, and, in consequence of their nonappearance, defendant moved the court for a continuance of the cause, which motion was denied. The motion was accompanied by an affidavit showing due service of a subpoena; what facts the defendant expected to prove by the absent witnesses; that the facts (stating them) were material to the defense; that he could not prove the same facts by any other witnesses; and that he expected to be able to procure their attendance, if the trial was postponed to some future day. The sufficiency of the affidavit was not questioned by the attorney for the people, but the motion was denied for the reasons stated in the following order: "The court then and there denies the defendant's motion for a continuance of the trial of said cause, giving as a reason for denying the same that the court is the guardian of the interests of the county; that a jury is already in attendance, and the court cannot put the county to the expense of calling another jury; and that it may appear during the course of the trial that other witnesses could testify to the same facts as mentioned in

defendant's affidavit for continuance; and the affidavit shows that the evidence would be cumulative."

The only proper reason given by the court for denying the defendant's motion for a continuance is that the affidavit shows that the evidence would be cumulative. We fail to find any such thing in the affidavit. On the contrary, the affidavit states "that the said facts, which affiant can prove by Hayes and Hill (the absent witnesses), cannot be proved by any other person or persons." By section 1052 of the Penal Code it is provided that "when an action is called for trial or at any time previous thereto, the court may, upon sufficient cause, direct the trial to be postponed to another day." Under the provisions of the law as well as under article 1, section 13, of the constitution, the defendant was entitled to the personal attendance of his witnesses at the trial, and on a proper showing (which was made in this case) to a continuance, and it was error to deny such motion. It was so held by the court in the case of People v. McCrory, 41 Cal. 458. The court there says: "There was a sufficient showing as to the materiality of the absent witnesses, and there was apparently no lack of diligence in the effort to procure their attendance. The attorney general has failed to point out any particular wherein the affidavit was defective, and I discover none. I think the showing was sufficient, and the motion should have been granted, particularly as this was the first motion for a continuance."

All that was said by the learned justice (Crockett) in the foregoing case applies with full force to the case we are now considering.

There are other errors assigned which it is unnecessary for the court to pass upon, excepting some in relation to the instructions. As we have already remarked, about seventeen instructions were moved by the prosecution and fifty-eight by the defense. It is reasonable to suppose that these instructions embodied all the law it was necessary to give the jury, but after passing on these instructions, and giving a large number of them to the jury, the court proceeded of its own motion further to charge the jury, and in such charge fell into at least two errors, which will be noticed. The court said: "You will apply the evidence in this case to the law of justifiable homicide I have read to you, and if you believe

from the evidence, beyond a reasonable doubt, that defendant, at the time he fired the shot, was in imminent danger of losing his life or of having inflicted upon him a great bodily injury,'' etc.

It was not necessary that the fact of danger to life or limb should be shown by the evidence beyond a reasonable doubt, to entitle him to an acquittal, and we cannot say that the defendant was not prejudiced by such an erroneous instruction at the end of the charge to the jury. Another error occurs in the closing part of the charge, which is equally serious and erroneous. Charging the jury on the question of good character, the court said: ''Evidence of character can only be considered in relation to the particular crime charged in cases where the guilt of the accused is doubtful.''

This is contrary to the rule laid down by the supreme court in numerous cases. It will be sufficient to refer to two or three of these cases: People v. Ashe, 44 Cal. 288; People v. Bell, 49 Cal. 485. In the latter case the court says: ''The jury must take such evidence [of character] into consideration for the purpose of determining whether it creates a reasonable doubt of his guilt.''

It is not improper for us to call the attention of the court below, as well as other superior judges, to the suggestion of Justice Baldwin in case of People v. Gibson, 17 Cal. 283, on the subject of instructions to the jury in criminal cases.

Judgment and order reversed and cause remanded for a new trial.

I concur: Myrick, J.

I concur in the judgment: Thornton, J.