## MARY A. HYDE *v.* TOWN OF SWANTON.

January Term, 1900.

Present :   TAFT, C. J., ROWELL, START, THOMPSON and WATSON, JJ.

Opinion filed April 24, 1900.

*Charge—Instruction more favorable than request*—An exception to the denial of a request to charge avails nothing, when an instruction is given upon the subject matter of the request more favorable to the excepting party than the requested instruction.

*Request improperly restrictive*—In a negligence case a request for an unqualified instruction that if certain facts are found the plaintiff is entitled to recover must be disregarded, when there is evidence of other facts having some tendency to show negligence on the part of the plaintiff and want of it on the part of the defendant.

*Request not applicable to the case*—A request for an instruction not applicable to the case, in the state of the evidence, is properly denied.

*Instructions of the court as to the law bind the jury—Law books read from in their hearing by counsel*—It is the duty of the jury to be guided by the law as the court states it ; and it is proper for the court to instruct them to disregard a case read in their hearing, in an argument addressed to the court.

*Evidence—Plan—Presumption when record is silent*—A plan having been received in evidence by the trial court, it will be presumed that there was evidence tending to show its correctness, if the record is silent on that point.

*Party may contradict or correct the testimony of his own witness*—A party who without objection introduces in evidence a plan in connection with the testimony of a witness that it is accurate, is not precluded from showing by another witness that certain distances as designated thereon, are incorrect.

*That a fact is conceded renders error in proving it harmless*—When the opinion of a witness based on assumed facts is inadmissible, its reception is harmless error, if its sole tendency is to show a conceded fact.

*Irrelevant testimony which is not prejudicial*—The admission of evidence that has no bearing upon any issue in the case is not reversible error if it could not have been prejudicial.

*Error in reception of evidence cured by verdict*—When, in a negligence case, it is not questioned that the plaintiff received the injury of which he complains, error in the admission of evidence relating solely to

the amount of damages is cured by a verdict for the defendant which must have gone on the ground of want of negligence on the part of the defendant, or of contributory negligence on the part of the plaintiff.

*Cross-examination to show ill-will—Discretion as to latitude of re-examination*—A witness having admitted, on cross-examination by the plaintiff's counsel, that her sister had had some trouble with the plaintiff, it was within the discretion of the court to allow the defendant's counsel, on re-examination, to ask the witness what the trouble was.

*Definition*—"*Suffer*"—It cannot be said that the officers of a town suffer the use of a way, unless they know or ought to know of its use.

CASE FOR NEGLIGENCE. Plea, the general issue. Trial by jury, Franklin County, March Term, 1899, *Munson*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

*D. W. Steele* and *F. W. McGettrick* for the plaintiff.

*Henry A. Burt, D. J. Furman* and *Alfred A. Hall* for the defendant.

START, J. The plaintiff's evidence tended to show, that she received injuries by reason of the insufficiency of a box or catch basin which formed a part of a culvert at the intersection of First and Liberty streets in the Village of Swanton ; that the box was outside of the corporate limits of the village and within the limits of a highway that the defendant town was bound to maintain and keep in repair. About two years prior to the accident, one of the trustees of the village, supposing the point in question was within the corporate limits of the village, constructed the culvert and box and placed a covering over the box for the purpose of furnishing a sidewalk for the public to walk over.

The plaintiff's first, third, fourth and seventh requests may be considered together. By them, the plaintiff, in effect, asked for an instruction, that, if private individuals made a way and the public were permitted to use it for public travel for a long time, or if the public travel itself made a way without other agency and the way was suffered by the town authorities to be made, the town was bound to keep it in such condition or repair that it would be reasonably safe as a part of the highway for the

amount and kind of travel that might be fairly expected to pass over it, and with reference to such accidents as might fairly be expected to occur in its use. The court instructed the jury, that, if the box was within the walk as travelled by the general public, it was the duty of the town to keep it in repair. This instruction was more favorable to the plaintiff than her requests. Under it, the jury were at liberty to find that it was the duty of the town to keep the box in repair, without reference to the knowledge of the defendant's officers respecting its use, or when, how or by whom the walk was constructed. It could not be said that the defendant's officers suffered a use of the way unless they knew, or ought to have known, of its use; therefore, the requests called for an instruction that would require the jury to find that the use of the way was known to the defendant, and a finding as to how and by whom the way was made, and its use by the public for a long time, while the instruction only required a finding that the box was within the walk as travelled by the general public, in order to impose upon the town the duty of keeping it in repair.

The court properly disregarded the plaintiff's second request. By it, she asked for an unqualified instruction, that, if the box was so constructed, covered and bore such relation to the portion of the highway utilized by the travelling public for foot travel, and was so constructed and covered as to indicate to a person of ordinary prudence that it was a part of the sidewalk, or such portion of the highway as was intended for foot travel, and the plaintiff so regarded it when she stepped upon it, she was entitled to recover. Such an instruction would have taken from the jury the question of whether the defendant's officers knew of the existence and use of the box, or were negligent in not knowing, and left the jury to find for the plaintiff, notwithstanding she may have been guilty of contributory negligence in stepping upon the box, knowing it to be unsafe. Her evidence tended to show that the box was in a dangerous condition for some days prior to the accident, and that the plaintiff, for nearly two years,

had been accustomed to 'pass over it almost daily; and it is doubtful whether the testimony had any tendency to show that the defendant's officers knew of the existence or use of the walk at the place of the accident. In this state of the evidence, the questions of knowledge on the part of the town and of contributory negligence on the part of the plaintiff could not, on the plaintiff's request, be withheld from the jury.

The plaintiff, by her eighth request, in effect, asked for an instruction, that, if the beaten path along the side of the box was insufficient for the amount and kind of travel at that point and, in the absence of any other established or constructed walk, the box cover presented a safe and feasible course of travel to a person of ordinary prudence, and it presented such appearence to the plaintiff, it was not necessarily a voluntary departure by her from the established course of travel to step upon it as she did at the time of the accident. Under the instruction, the jury were not called upon to decide whether the plaintiff voluntarily departed from the established course, and the case, in so far as it appears before us, did not call for any instruction upon that subject. The plaintiff did not, by her evidence, claim that she departed from an established course of travel. On the contrary, her evidence tended to show, that one of the trustees of the village covered the box for the purpose of furnishing a sidewalk for the public to travel over; that the common course of travel was over the box; that the culvert and box had been commonly used by travellers on foot; and that she had walked over the box almost daily for two years, supposing the plank covering to be a part of the sidewalk. In view of this evidence and the instruction given by the court, as is herein stated, there was no occasion for confusing the jury by submitting for their consideration any question respecting a voluntary departure by the plaintiff from a way that the town was bound to keep in repair; and the request was properly denied.

It was the duty of the jury to take the law from the court; and the court rightfully instructed them to do so and to disre-

gard the case read in their hearing by counsel. The court told the jury, that, when a walk has been designated by general public travel and the town permits the travel to continue in that course, it becomes the duty of the town to recognize the walk and keep it in good and sufficient repair. The plaintiff had no reason to complain of this instruction ; and, in view of it and what has already been said, it is unnecessary to consider further the charge of the court or the plaintiff's requests.

F. H. Dewart, a civil engineer, was improved as a witness by the defendant and produced a plan made by him, which he said was an accurate plan of the location where the accident happened. He did not profess to know anything about the situation and condition of the point in question at the time of the accident. Such knowledge on his part was not necessary. If the other testimony in the case tended to show that the situation was as shown upon the plan, it was admissible. It does not appear that such evidence was not before the court, and we cannot, for the purpose of finding error, assume that the evidence did not tend to show the location and surrounding objects as shown upon the plan. The principal objection urged before us is, that certain stones shown on the plan and designated by the words, "old curb stone," marked a lot line, but the exceptions show that the defendant's testimony tended to show that they were a part of the old curbing on the outside of the walk as it was at the time of the accident. Therefore, the testimony tended to show that the plan, in this respect, was correct. The defendant's engineer, after testifying that he had made excavations in the vicinity of the box since the case had been in court and found, several inches below the surface, a smooth stratum that he called an old path, which led past the box on the north side, was asked, "Assuming that, within one or two weeks after the accident to Mrs. Hyde, the earth around the catch basin and the path, whatever path was used had been used up to the time of the accident, and had been filled in and covered over with fresh earth, then, independently of anything you were told, what do you say as to whether that

path you uncovered existed at the time Mrs. Hyde received the injury?" The witness answered, "On the assumption that you have made, I should have no hesitation in saying it was the path at the time of the injury." If this was error, it was harmless. The plaintiff's evidence tended to show, that, for a great many years there had been a well-defined path at this point, used by the public for foot travel; and the court instructed the jury that, "the plaintiff concedes that there was a well-defined path leading past this box on the north side of it, but she contends, that, after the walk was made, the general public widened its course of travel and extended the limits of the walk so that it included the box." It does not appear that the plaintiff questioned the correctness of this statement; and, in view of this statement and the tendency of the plaintiff's testimony, it is clear that the path uncovered by the witness was the identical path which the plaintiff conceded was a well-defined path at the time of the accident. The witness was called upon to give his opinion as to whether that path existed at the time Mrs. Hyde received the injury, and his opinion as to the existence of a fact which the plaintiff's evidence tended to show and was conceded by her could not have been prejudicial.

The plaintiff improved as a witness one Spear, who testified that a plan purporting to show certain points about the locality in question, as surveyed by him, was accurate. The plan was received in evidence without objection; but the fact that it was so received did not preclude the defendant from showing by its engineer that the distances indicated thereon were not correct. The reasons given by the witness Dewart for uncovering the box after he had caused it to be covered had no bearing upon any issue in the case and could not have been prejudicial to the plaintiff.

The testimony of Mrs. Ladd, a witness improved by the defendant, related solely to the amount of damages sustained by the plaintiff. No question was made but that the plaintiff was injured; and, as the jury have found that the defendant was not

responsible for such injury, it is unnecessary to consider the question asked on cross-examination and excluded. Under the instruction of the court, the jury must have found that the box or catch basin was not within the walk as travelled by the general public, or that the plaintiff was guilty of contributory negligence. It follows, therefore, that the answer to the question propounded could have no bearing upon any question considered by the jury, would have been wholly immaterial, and that the plaintiff was not harmed by its exclusion.

Mrs. McNall, a witness improved by the defendant, was asked on cross-examination whether the plaintiff had some trouble with the sister of the witness, and answered in the affirmative. In the re-direct examination of the witness, she was asked to state what that trouble was. The plaintiff's counsel had brought out the fact that the plaintiff had trouble with the sister of the witness, with a view to showing that the witness had a prejudice against the plaintiff that would influence her testimony ; and the plaintiff having brought this issue into the case, it was discretionary with the court to allow the question propounded by the defendant's counsel. *Bartoli* v. *Smith & Co.*, 69 Vt. 427.

*Judgment affirmed.*