## North Chicago Street R. R. Co. v. Adolph Rodert.

1. PRACTICE—*Court May, in Giving Instructions, Assume a Fact as Proven Which is Assumed by Parties.*—Where a .fact is admitted or assumed by each party to the trial, the court, in a given instruction, may assume such fact as proven.

2. INSTRUCTIONS—*Substitution of Word " Negligence" for Word " Fault. "*—The substitution of the word "negligence" for the word "fault" does not materially change the sense or the meaning of an instruction.

3. SAME—*As to Drawing Inferences.*—An instruction, that in determining what facts are proven in the case the jury should carefully consider all the evidence given before them, with all the circumstances of the transaction in question as detailed by the witnesses, and they may find any fact to be proved which they think may be rightfully and reasonably inferred from the evidence given in the case, although there may be no direct evidence of testimony as to such fact, is proper. Inferences can not be drawn from inferences, nor will presumptions arise from presumptions; but inferences may be drawn from facts proved, and presumptions may arise from facts previously established.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. JOSEPH P. ROBARTS, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed December 22, 1902.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

GEORGE A. MILLER and FREDERIC R. DEYOUNG, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This is an appeal from a judgment in favor of the appellee for personal injuries.

Appellant, for one ground of reversal, insists that the evidence does not sustain the verdict.

In the statement of the case counsel for appellant say:

" The plaintiff was driving north on Halsted street, on the east side of the street. He turned to go to the west; one of the wheels came off the wagon and he was thrown to the ground, dislocating his shoulder. The evidence for

the plaintiff tended to show that a car belonging to the defendant came up from behind, struck the wagon and caused it to tip over. The evidence for the defendant, on the other hand, was to the effect that the wheel came off the wagon as the plaintiff attempted to turn out of the track and that the car did not strike the wagon at all."

Here is an admitted conflict in the evidence. Turning to the record we find five witnesses swore that the accident was occasioned by the car running into the wagon, and four witnesses testify that the car did not strike the wagon; that the car was from 50 to 150 feet to the rear of the wagon when the latter broke down, and that the accident was caused by the breaking of an axle of the wagon as appellee turned hurriedly out of the track. It is not necessary to cite cases in support of the proposition that, when the evidence is as conflicting as it appears to be in this case, the jury is the sole judge as to where the truth lies. The jury determined this question in favor of appellee. There is evidence fairly tending to sustain the finding. We can not disturb it. To do so would be to disregard one of the essential functions of a jury and thus tend to destroy its usefulness.

Counsel for appellant say that instruction number 2, given at the request of the plaintiff, is erroneous. It reads:

"2. The court instructs the jury that if you believe from the weight of the evidence that the injuries complained of by the plaintiff in his declaration were caused by the negligence or carelessness of the servants or employes of the defendant, or of any of them, in the course of their employment as such servants or employes, in manner and form as charged in the declaration, and without any fault on the part of the plaintiff which contributed to the injury complained of, then the defendant is liable in this action."

The objections are: First, that it assumes the plaintiff suffered the injuries complained of in his declaration. There is no issue made in this case as to whether or not the plaintiff was injured at the time and place in question. That he was injured to some extent is admitted and assumed on both sides. The law is that where a fact is admitted or assumed by each party to the trial, the court,

in a given instruction, may assume such fact as proven. Second, that because the instruction reads without any "fault" upon the part of the plaintiff, instead of without any "negligence" upon his part, it is erroneous. The substitution of the word "negligence" for the word "fault" would not materially change the sense or the meaning of the instruction. C. & N. W. Ry. Co. v. Ryan, 70 Ill. 215.

Counsel for appellant also complain of given instruction No. 4, which reads :

"4. The jury are instructed that in determining what facts are proved in this case they should carefully consider all the evidence given before them, with all the circumstances of the transaction in question as detailed by the witnesses, and they may find any fact to be proved which they think may be rightfully and reasonably inferred from the evidence given in the case, although there may be no direct evidence or testimony as to such facts."

They say that it gives the jury too much latitude in drawing inferences. The phrase objected to is approved in Binns v. State, 66 Ind. 431. Inferences can not be drawn from inferences, nor will presumptions arise from presumptions; but inferences may be drawn from facts proved, and presumptions may arise from facts previously established.

Finding no reversible error in the record, the judgment of the Circuit Court is affirmed.