· STATE v. E. W. PIERCE.

May Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed November 7, 1914.

*Intoxicating Liquors—Offences—Evidence—Harmless Error— Witnesses — Cross-examination — Continuance — Absence of Witness.*

In a prosecution for the illegal sale of intoxicating liquor, evidence that a person to whom respondent was charged with selling intoxicants was seen at respondent's house drinking intoxicants and under the influence thereof was admissible.

The admission of alleged hearsay evidence was harmless where respondent took the stand and testified to the same effect.

The scope of cross-examination to test the credibility of a witness is largely in the discretion of the trial court, and, in a prosecution for the illegal sale of intoxicants, it was not error to allow the cross-examiner of respondent's witness to elicit that witness at times used intoxicating liquor.

In a prosecution for the illegal sale of intoxicants, where respondent in good faith subpoenaed as a witness the person to whom he was charged with having sold the liquor, and who would have denied the charge, but was unable to appear at the trial, owing to inclement weather, and as soon as that was known respondent in good faith moved for a continuance, the denial of that motion was error.

A respondent is entitled to a reasonable opportunity to procure the attendance of witnesses necessary to his defence, and that respondent regularly subpoenaed such witness shows sufficient diligence.

INFORMATION charging the illegal sale of intoxicating liquor. Plea, not guilty. Trial by jury, at the December Term, 1913, Orange County, *Butler,* J., presiding. Verdict, guilty; and judgment thereon. The respondent excepted. The opinion states the case.

*David S. Conant* for the respondent.

*Frank S. Williams,* State's Attorney, for the State.

POWERS, C. J.   The respondent was convicted at the last December Term of Orange County Court of illegal liquor selling. The State's evidence tended to show that William Eva, one of the persons to whom the respondent was charged with selling and who lived only a short distance away, was on various occasions at the respondent's dwelling-house, where the alleged sales were made, more or less intoxicated, and at one time so drunk he could not stand.   This evidence was received subject to the respondent's exception,—as was the testimony of another witness that he had seen Eva drink cider and liquor at the respondent's house.

All this evidence was properly received.   It tended to characterize the place and the business there carried on, *State* v. *Krinski,* 78 Vt. 162, 62 Atl. 37, and was within the wide latitude allowed in the reception of circumstantial evidence in criminal cases.   *State* v. *Ryder,* 80 Vt. 422, 68 Atl. 652.

The express agent at Ely station was a witness for the State. He produced the books of the office kept in the regular course of business, and subject to the respondent's exception, he was allowed to testify therefrom as to various boxes of express matter from Boston received at his office, which were directed and delivered to the respondent.   Of these, the witness had personal knowledge of only three.   As to the others he depended wholly on the books.   It was urged in support of the objection to this evidence that it was, except as to the three packages named, hearsay, merely; and that it was not shown that the packages or any of them contained intoxicating liquor.   We need take no time with this question, for the respondent took the stand in his own behalf, and his testimony, fairly construed, was an admission that he received the packages and that they did contain intoxicating liquor.   So the error, if any was committed, was harmless.   *Herrick* v. *Holland,* 83 Vt. 502, 77 Atl. 61; *Coolidge* v. *Taylor,* 85 Vt. 39, 80 Atl. 1038; *Hyde* v. *Swanton,* 72 Vt. 242, 47 Atl. 790.   In the cross-examination of one of the respondent's witnesses, the State was allowed, subject to exception, to ask him if he used intoxicating liquor at times; and he replied that he did.   The only object of the inquiry was, of course,

to discredit the witness. The extent to which the cross-examination may go in this direction rests largely in the discretion of the trial court, *Hathaway* v. *Goslant,* 77 Vt. 199, 59 Atl. 835, and "the modern tendency is to greater liberality of cross-examination for the purpose of finding out who and what the witness is." *State* v. *Slack,* 69 Vt. 493, 38 Atl. 311. The exception is unavailing.

The other exceptions taken at the trial are not briefed or considered.

*There is no error and the respondent takes nothing.*

PETITION FOR NEW TRIAL. The respondent also brings a petition for a new trial, in support of which the following facts are made to appear.

The respondent and his counsel expected that Eva would be called by the State. He had been a witness at a court of inquiry instituted by the State's attorney before the information was filed, and he was named in the specification filed in the prosecution against the respondent. As soon as they learned that he was not to be called by the State, they caused a subpoena to be issued and had the same seasonably served on Eva, summoning him to Chelsea as a witness for the defence. Eva is a man seventy-three years of age and not in very good health. He lived at Post Mills, thirteen miles from the place of trial. The day on which the case was called and on which Eva was summoned to appear was one of the coldest days ever known by the witnesses; and it was preceded by a severe storm which left the roads badly drifted with snow and almost impassable for teams. For these reasons Eva was unable to obey the subpoena and did not attend the trial. If he had been present, he would have testified that he never bought any intoxicating liquor of the respondent, and that he was never intoxicated at the respondent's house; in short, he would have contradicted all of the State's evidence so far as it connected him with the charge made against the respondent.

As soon as it became known that Eva was not to be present at the trial, the respondent's counsel moved for a continuance, making known to the court the pertinent facts, and insisting that the respondent could not safely go to trial without Eva as a witness. This motion was overruled.

That a person charged with crime is entitled to a reasonable opportunity to procure and present the witnesses necessary to his defence, including a postponement of the trial, if need be, is elementary. In such cases the State is not a partisan zealous for a conviction, but an impartial seeker for the truth,—equally interested to protect the innocent and punish the guilty. *State v. Slack,* 69 Vt. at p. 490, 38 Atl. 311. When, therefore, a respondent's motion for a continuance discloses the absence of a witness, the materiality of his testimony, that it cannot otherwise be supplied, and facts disclosing reasonable diligence in attempting to procure his attendance, it is error to deny the motion. *Kehoe* v. *Com.,* (Ky.) 88 S. W. 1107; *Stacy* v. *State,* (Tex.) 86 S. W. 327. That such witness was regularly subpoenaed shows sufficient diligence. *People* v. *Lee,* (Cal.) 8 Pac. 685; *Barnard* v. *State,* 73 Ga. 803; *Binns* v. *State,* 38 Ind. 277.

The circumstances may, of course, be such as to warrant the inference that the motion is interposed to delay or evade the trial, or that the absence of the witness is due to the respondent's fault. But where, as here, there is nothing to indicate bad faith on the respondent's part, the motion should be granted. *Hewitt* v. *Com.,* (Va.) 17 Gratt. 627,—a case wherein the rule is fully stated.

The facts being sufficient and the respondent having been denied a continuance, a new trial will be granted. *McKay* v. *State,* 12 Mo. 492. See *Webster* v. *Smith,* 72 Vt. 12, 47 Atl. 101. See, also, *Cotton* v. *State,* 4 Tex. 260; *Tilden* v. *Gardinier,* 25 Wend. 633, and *Searls* v. *Munson,* 17 Ill. 558, cases in which witnesses in attendance wrongfully absented themselves from the trial.

*Judgment and sentence vacated, verdict set aside, petition granted and cause remanded for a new trial.*