STATE v. MRS. TONY AVICOLLI.

January Term, 1918.

Present:   WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed February 27, 1918.

*Evidence—Admissibility—Trial—Argument of Counsel.*

In a prosecution for the illegal sale of intoxicating liquor, evidence
that persons, some of whom were "river drivers," were seen on dif-
ferent occasions going to respondent's house, having no apparent
business there, is admissible.

The reception of evidence bearing upon a certain issue is not rendered reversible error by the fact that the party offering it fails to make out such a case upon the issue as justifies the court in submitting the question to the jury.

No error can be imputed to an argument of counsel based upon evidence which has been properly received.

INFORMATION for the illegal sale of intoxicating liquor. Plea, not guilty. Trial by jury at the Special May Term, 1917, Windsor County, *Stanton* J., presiding. Verdict, guilty. Respondent excepted. The opinion states the case.

*Charles Batchelder* for respondent.

*William S. Pingree,* State's Attorney, for the State.

MILES, J. This is an information charging the respondent with selling, furnishing and giving away intoxicating liquor without authority. The transcript is made the bill of exceptions, and, while many exceptions were taken during the trial, only three were relied upon in the respondent's brief. One was to the admission of evidence that persons were seen going, on different occasions, to the dwelling house where the respondent resided and where it was claimed that intoxicating liquor was sold, furnished and given away, having no apparent business at her house; and another exception was to the admission of testimony that some of those persons were "river drivers." The ground of objection to the reception of such evidence was as follows: "I do not see, if the court please, how it can shed any light on any legitimate issue to prove people went there or they were of a certain vocation or anything of the kind."

The third objection and exception was to the argument of the State's attorney based upon the evidence objected and excepted to as above stated, and the ground of the objection to the argument was the same as that urged by the respondent under its objection to the evidence. If there was no error in receiving the evidence, it follows that there was no error in permitting the argument. The point of the objection is that the evidence was immaterial.

In the case of *State* v. *Pierce,* 88 Vt. 277, 92 Atl. 218, a case for illegal liquor selling, evidence that one of the persons to whom

the respondent was charged with selling and who lived only a short distance away, and who was on various occasions at the respondent's dwelling house, where the alleged sales were made, more .or less intoxicated, and at one time so drunk he could not stand, was held to be admissible, the Court saying: "It tended to characterize the place and the business there carried on." To the same effect is *State* v. *Krinski,* 78 Vt. 162, 62 Atl. 37.

The evidence objected to in this case tended to characterize the place as a resort for persons having no visible business there and this in connection with other testimony, not objected to, that the dwelling house in which the respondent was alleged to have sold and furnished intoxicating liquor, was away from the main street and had a well beaten path to it in the rear and in front of it, had a tendency to make it more probable that the persons going there were in pursuit of the same object that the evidence of the State tended to show induced others to go there. It was a circumstance to be weighed by the jury and "was within the wide latitude allowed in the reception of circumstantial evidence in criminal cases." *State* v. *Rider,* 80 Vt. 422, 68 Atl. 652.

The State's attorney evidently tried the case on the theory, that, if he failed to establish a sale of intoxicating liquor at the dwelling house of the respondent, he might be able to prove that it was furnished at that place, and hold the respondent liable therefor because of her house becoming a place of public resort; and, though he failed to make out such a case as justified the court below in submitting that question to the jury, it nevertheless did not make the reception of that evidence reversible error.

The evidence being properly received, there was no error because of the State's attorney's argument.

*Judgment that there is no error in the proceedings below and that the respondent take nothing by her exceptions. Let execution be done.*